IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-51014
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON GRAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. SA-98-CR-130-ALL

_____

July 20, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jason Grams appeals from his sentence after a guilty plea to

three counts of carjacking in violation of 18 U.S.C. § 2119 and two

counts of use of a firearm during a violent crime in violation of

18 U.S.C. § 924(c).  We dismiss Grams's appeal.

Pursuant to a written plea agreement, Grams waived his right

to appeal his sentence on any ground unless the punishment imposed

exceeded certain statutory maximums or forty-five years in prison.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's sentence did not exceed either of these terms. Grams argues that his waiver is invalid because he could never knowingly and intelligently waive his right to appeal a sentence that has not yet been imposed at the time of the plea agreement. We find Grams's argument unpersuasive. The uncertainty of the district court's sentence does not render Grams's waiver uninformed. See United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992).

We are satisfied that Grams's waiver was voluntarily, knowingly, and intelligently made. The appeal is

D I S M I S S E D.